**Ira E. Blackman, Defendant in Error, v. Henry L. Webber, Plaintiff in Error.**

1. INSTRUCTIONS—*when upon right to disregard testimony erroneous.* The jury have no right to disregard the testimony of a witness because some of his statements as to material facts are untrue. Before his entire testimony may be disregarded, the jury must believe the witness to have wilfully and knowingly sworn falsely to a material fact. *Held,* that the instructions given in this case were in disregard of this rule.

2. INSTRUCTIONS—*must be relevant to issue.* · An instruction not relevant to an issue in the cause should be refused.

Error to the Circuit Court of Williamson county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed April 15, 1911.

PILLOW, SMITH & STONE and WHITLEY & SOMERS, for plaintiff in error.

W. W. CLEMENS, for defendant in error; W. W. BARR, of counsel.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

This is a writ of error to review a judgment for $4,000 damages, recovered by Blackman, defendant in error, against Webber, the plaintiff in error, for the alleged debauching of the wife of Blackman and alienating her affections.

The evidence upon the charge of adultery was close and conflicting. The plaintiff in error testified he had not been guilty of any act of adultery. Acts of adultery are not often proved by direct evidence and in this case there was no such proof, but the conduct of the parties as shown by the testimony of a number of witnesses tended to establish it. There was evidence of visits to the house of Blackman by Webber when the former was away from home at unseemly hours in the night time, coupled with conduct while there which tended to show improper relations. Other circumstances, such as clandestine meetings and the dropping of notes by Webber which were picked up by the wife of Blackman were related by witnesses. The credit of these witnesses was attacked but as their credit and the weight to be given their testimony were matters for the jury, we express no opinion upon them.

The case was one where the credit of several witnesses was a very material matter to be considered by the jury and it was important the instructions upon this feature of the case should have been accurate.

Error is assigned upon the action of the court in giving and refusing instructions, and after a careful examination of them, we conclude there was no error in this regard except in giving the eighth, ninth and tenth instructions asked by defendant in error. All of them were upon the question of the credibility of witnesses.

The eighth instruction advised the jury that if they believed the statements of any witness to be untrue as to any material fact, they might refuse to attach any weight or credit to the testimony of such witness except in so far as it was corroborated by other credible evidence.

This is not the law. The jury have no right to disregard the testimony of a witness because some of his statements as to material facts are untrue. Before his entire testimony may be disregarded, the jury

must believe the witness to have wilfully and knowingly sworn falsely to a material fact. Pollard v. The People, 69 Ill. 148; Penn. Co. v. Conlan, 101 *id.* 93.

The ninth instruction was not relevant to any issue and should have been refused.

And the tenth should have contained the element that the jury had no right to discredit the testimony of the defendant merely because he was the defendant.

We have referred to the sharp conflict in the evidence and to the character of the witnesses, some of whom were acting in the capacity of detectives in the employment of defendant in error in which they were to be paid according as they might discover incriminating evidence, and one witness testifying to incriminatings acts was impeached. In addition to this the defendant in error was charged with the commission of adulterous practices with a witness who testified to repeated acts of adultery with her at a hotel at Harrisburg. This evidence was very material on the measure of damages. Defendant in error denied this testimony and we refer to it as showing the conflicting evidence on all material points. In this state of the record accuracy in presenting the law to the jury on the credibility of witnesses was highly essential to the rights of the parties, and in this case the giving of the instructions above referred to was harmful error.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*